UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY SHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11-CV-2181 (CEJ) |
| | ) |
| GFK-KYNETEC, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a fifth amendment to his complaint.[1] The Court has reviewed the proposed amended complaint and concludes that it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

I. **Background**

Plaintiff, who proceeds *pro se*, filed suit against his employer and individual co-workers on December 16, 2011. He asserts that, between June and October 2011, he was subjected to various unlawful employment practices, including suspension without pay, denial of transfer or promotion, being deprived of the chance to apply for job vacancies, and being falsely accused of harassment and intimidation. Plaintiff claims that these actions were taken in retaliation for his earlier complaints to the Equal Employment Opportunity Commission. He also asserts that defendants' actions were motivated by his race and age (which he does not specify) and his gender. He bases his claims on Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* (Title VII), the

---

[1] The record contains a confusing number of improperly numbered amended complaints. The last pleading that plaintiff received leave to file appears at Document 34 and should be entitled "Second Amended Complaint." The next pleading that plaintiff may file will thus be a Third Amended Complaint.

Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* (ADEA), and the Missouri Human Rights Act, Mo. Rev. Stat. §§ 213.010 *et seq.* (MHRA). He also asserts state law claims for intentional infliction of emotional distress, defamation, and "defamation *per se.*"

Before he accomplished service on the defendants, plaintiff filed a document purporting to be an amended complaint, but which is more properly characterized as a supplemental claim for "spoliation of evidence." [Doc. #4]. He subsequently filed a motion for leave to file an amended complaint that set forth all of his claims. [Doc. #32]. He then filed a motion for leave to file a second amendment to complaint [Doc. #38], a motion to amend/correct second amended complaint [Doc. #42], a memorandum that he has exhausted administrative remedies [Doc. #43], and the current motion for leave to file a fifth amendment to his complaint [Doc. #44]. Defendants filed a motion for more definite statement with respect to Document 34, but that motion appears to be mooted by plaintiff's subsequent filings.

II. **Discussion**

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Plaintiff's proposed fifth amended complaint names two businesses and eight individuals as defendants and consists of 54 typed pages. It begins with a proper caption and title and sets forth a statement of the Court's jurisdiction and venue. It then includes a section entitled "**MEMORANDUM**" addressing the Rule 15 standard for amending complaints. This is duplicative of plaintiff's motion and has no place in a

complaint. The proposed complaint also includes a section titled "Nature of the Case," which consists of a dozen bullet-pointed statements, such as "Retaliation via Defamation Per se -- Harassment (Accused of Intimidating/Harassing several co-workers) after internal Title VII Complaints." In the following section, plaintiff then sets forth seventeen numbered paragraphs. Each "paragraph" contains a lengthy title, several more numbered paragraphs consisting of highly detailed factual allegations, and then three or more claims for relief. "Paragraph 13" is an example:

## Paragraph 13

### Retaliation: Failure to Investigate Internal Plaintiff's Title VII Complaints

1. Defendants failed to properly investigate Plaintiff's Internal Grievances dated September 20, 2011 against the Defendants.

2. These Grievances were filed pertaining to "different" matters than those listed in Plaintiff's Title VII complaints dated "prior to" September 20, 2011.

3. These grievances were also filed "after" the Defendants acknowledged Plaintiff's Title VII complaints against them.

4. Defendant Brandy Young (Field Manager) also acknowledged in a "letter of misconduct" addressed to Plaintiff, dated August 19, 2011, that defendants were "aware of Plaintiff's EEOC charges."

5. The Defendants (Linda Rooney, Marilyn Switcher, Brandy Young, and Mary Stevison) whom plaintiff filed Grievances against, failed/refused to forward Plaintiff's grievances to the appropriate personnel for prompt investigation, as Defendant's employee handbook states.

6. Said actions were harassment and retaliation of Plaintiff by Defendants because of Plaintiff's Title VII complaints against Defendants.

Direct Cause of Injury: Retaliation

Responsible Parties: Defendants

Relief Sought and Entitled: Punitive and Compensatory

First Claim for Relief

Employment Discrimination

Civil Rights Acts of 1964 and 1991

Defendant has discriminated against plaintiff in the terms and conditions of plaintiff's employment because of plaintiff's race, sex and age, because plaintiff opposed unlawful discrimination by defendant, and because plaintiff participated in the administrative process of enforcing the prohibitions against employment discrimination, all in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

Second Claim for Relief

Federal and Missouri Law -- Intentional Infliction of Emotional Distress

By intentional outrageous conduct with the intent to cause plaintiff extreme emotional distress, which conduct did cause extreme emotional distress, to plaintiff's substantial damage, Defendants tortiously intentionally inflicted emotional distress on plaintiff, for which Defendants are liable for damages under Missouri and Federal laws.

Third Claim for Relief

Missouri Human Rights Act . . .
For Employment Discrimination and Retaliation, based on Age, Race, and Sex.

Confusingly, "Paragraph 14" also purports to bring a claim for retaliation based on failure to investigate plaintiff's Title VII complaints. The Court recognizes that plaintiff has attempted to comply with the format of the form complaint the Clerk's Office provides to *pro se* litigants. The form complaint is intended to simplify the pleading process while ensuring that certain basic requirements (such as receipt of a right-to-sue notice) have been satisfied. The essential allegations of plaintiff's complaint are ideally suited for use of the form complaint, but at present are set forth in too much detail and in a circuitous manner that will make it very difficult for the defendants to admit or deny his allegations.

The Court will allow plaintiff another opportunity to amend his complaint to bring it into compliance with Rule 8. Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 512 (2002). With this in mind, plaintiff is advised that his amended complaint must comply with the following guidelines:

1. The amended complaint shall not exceed 15 typed, double-spaced pages.

2. The amended complaint shall include the following sections:

(a) a "Caption," that sets forth the case number and the name of each defendant;

(b) the title "Third Amended Complaint;"

(c) a brief "Jurisdictional Statement," setting forth the grounds for filing this action in federal court. See Form 7, Appendix of Forms, Fed.R.Civ.P.;

(d) a "Factual Background," consisting of short and plain statements, in numbered paragraphs, setting forth a summation of the most relevant background facts of this action; and

(e) plaintiff's claims for relief, set forth as separately numbered "counts," identifying a claim for relief and the defendants against whom the claim is brought, *(for example:* "Count I: Racial Discrimination, against defendant [name].") Each count shall then set forth in separate, numbered paragraphs the facts supporting the claim and the relief (*for example*: money damages or equitable relief) that plaintiff seeks for the claim. Plaintiff shall follow the same format with respect to each claim.

3. Plaintiff shall not include:

(a) an introductory paragraph such as the one contained in the proposed fifth amended complaint;

(b) a section entitled "Memorandum;" or

(c) a section entitled "Nature of the Case."

4. Plaintiff shall attach copies of his administrative documents (such as the Notice of Right to Sue) as exhibits to the Third Amended Complaint. Because these

documents contain personal identifiers they should be filed under seal. The administrative documents should not be accompanied by a memorandum and no other exhibits should be attached to the amended complaint. The administrative documents will not be counted in the 15-page limit for the amended complaint.

\* \* \* \* \*

Plaintiff is warned that the Third Amended Complaint will replace all preceding complaints and claims that are not realleged will be deemed abandoned. Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **April 30, 2012**, plaintiff shall file an amended complaint that comports with the instructions set forth above.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a second amended complaint [Doc. #38] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct second amended complaint [Doc. #42] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's memorandum concerning exhaustion of administrative remedies [Doc. #43] is **stricken**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a fifth amended complaint [Doc. #44] is **denied**.

_/s/ Carol E. Jackson_
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2012.